ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669

Attorneys for John T. Kendall, Trustee

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARK WHITNEY LAPHAM,<br><br>Debtor. | Case No. 11-48361 EDJ<br><br>Chapter 7<br><br>Adv. Proc. No.: |
| JOHN T. KENDALL, CHAPTER 7 TRUSTEE,<br><br>Plaintiff<br><br>v.<br><br>KIMBERLY LAPHAM and<br>KATHLEEN SORENSON,<br><br>Defendants | **COMPLAINT FOR<br>(1) AVOIDANCE AND<br>RECOVERY OF FRAUDULENT<br>TRANSFER (751 DIABLO ROAD,<br>DANVILLE, CA); AND<br>(2) DECLARATORY RELIEF** |

COMES NOW Plaintiff John T. Kendall, Trustee of the above-referenced bankruptcy estate, alleges as follows:

**I. JURISDICTION**

1. Jurisdiction of this adversary proceeding exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

///

///

Complaint -1-

## II. PRELIMINARY ALLEGATIONS

3. Mark Whitney Lapham (the "Debtor") filed a voluntary Chapter 7 Bankruptcy case on August 4, 2011.

4. Defendant Kimberly Lapham ("K. Lapham") is the spouse of the Debtor.

5. Defendant Kathleen Sorenson ("Sorenson") is the mother of Defendant Lapham and the mother-in-law of the Debtor.

6. As of the date of the filing of the Debtor's bankruptcy case, the Debtor and Defendant Lapham resided at certain real property commonly known as 751 Diablo Road, Danville, California (the "Real Property").

7. Plaintiff is informed and believes and on that basis alleges that the Real Property was purchased by the Debtor and Defendant Lapham in 1994 for approximately $300,000. In addition, at the time of the purchase of the Real Property, the Debtor and Lapham borrowed approximately $240,000 from an institutional lender and the balance of the purchase price was paid through a cash down payment.

8. Plaintiff is informed and believes that based upon the testimony of the Debtor at his 2004 Examination, the down payment was paid from earnings that the Debtor had during marriage.

9. The Debtor and Defendant Lapham were married prior to the purchase of the Real Property. The Debtor and Lapham have never had either a prenuptial agreement or a postnuptial agreement.

10. In approximately May, 1998, the Debtor, for no consideration and in order to protect the Real Property from his creditors transferred all of his interest in the Real Property to Defendant Lapham.

11. In 2007, the Debtor and Defendant Kimberly Lapham created the Mark and Kimberly Lapham Family Trust (the "Trust"). Said trust was a revocable trust and Debtor and Defendant Lapham were both the settlors and the beneficiaries of the Trust.

12. In 2007, after the creation of the Trust, Defendant Lapham transferred the Real Property into the Trust and Debtor and Lapham became the beneficial owners of the Real Property through

their self-created revocable trust.

13. In approximately March 9, 2008, for no consideration and in order to protect the Real Property from creditors of the Debtor, the Debtor and Lapham in their capacities as Trustees of the Trust caused the Trust to transfer all of its right title and interest in the Real Property to Defendant Lapham as her sole and separate property.

14. In April, 2011, a mere four (4) months prior to the filing of the Debtor's bankruptcy case, Lapham for no consideration, and as further protection from creditors of the Debtor, transferred the Real Property to her mother, Defendant Sorenson. At the time of the transfer of the Real Property from Defendant Lapham to Defendant Sorenson, the Real Property was still encumbered by a deed of trust securing the original purchase loan taken out by the Debtor and Defendant Lapham with said loan having an approximate balance of $60,000. The outstanding purchase loan was paid off by Lapham prior to her transfer of the Real Property to Defendant Sorenson for no consideration.

15. Since the date of the original purchase of the Real Property by the Debtor and Defendant Lapham, in addition to paying the down payment, all mortgage payments, real property taxes, insurance, costs of maintenance and all other expenses associated with and/or related to the Real Property have been paid by the Debtor from his earnings during marriage.

16. Since the transfer of the Real Property by Defendant Lapham to Defendant Sorenson, the Debtor has continued to pay the insurance on the Real Property, pays no rent for occupying the Real Property and anticipates paying the real property taxes related to the Real Property.

### FIRST CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfer)
### [11 U.S.C. § 544; California Civil Code § 3439.04(a)]

17. Plaintiff incorporates herein by reference and realleges Paragraphs 1-16 of this Complaint.

18. Plaintiff is informed and believes and based thereon alleges that the transfers of the Real Property made by the Debtor in 2008 to Defendant Lapham and her subsequent transfer of the Real Property to Defendant Sorenson were made with the actual intent to hinder, delay or defraud the Debtor's creditors, and as such, both the initial transfer to Defendant Lapham and the

subsequent transfer to Defendant Sorenson are avoidable pursuant to California Civil Code § 3439.04(a) and 11 U.S.C. § 550.

19. Pursuant to 11 U.S.C. § 544(b), the transfers alleged in the preceding paragraph are avoidable by the Trustee.

WHEREFORE, Trustee prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Avoidance of Fraudulent Transfer)**
**[11 U.S.C. § 544; California Civil Code § 3439.04(b)]**

20. Plaintiff incorporates herein by reference and realleges Paragraphs 1-19 of this Complaint.

21. Plaintiff is informed and believes and based thereon alleges that the Debtor did not receive reasonable equivalent value for the initial transfer of the Real Property to Defendant Lapham or Defendant Lapham's subsequent transfer of the Real Property to Defendant Sorenson for no consideration.

22. Plaintiff is informed and believes and based thereon alleges that at the time of the initial transfer and subsequent transfer, the Debtor intended to incur or reasonably believed that he would incur debts beyond his ability to pay as they became due and as such, the transfers are avoidable under California Civil Code § 3439.04(b) and 11 U.S.C. § 550.

23. Pursuant to 11 U.S.C. § 544(b), the transfers are avoidable by the Trustee.

WHEREFORE, Trustee prays for judgment as set forth below.

**THIRD CLAIM FOR RELIEF**
**(Avoidance of Fraudulent Transfer)**
**[11 U.S.C. § 544; California Civil Code § 3439.05]**

24. Plaintiff incorporates herein by reference and realleges Paragraphs 1-23 of this Complaint.

25. Plaintiff is informed and believes and based thereon alleges that the Debtor did not receive reasonable equivalent value for the initial transfer in 2008 of the Real Property to Defendant Lapham and Defendant Lapham's subsequent transfer of the Real Property to Defendant Sorenson in April, 2011.

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

26. Plaintiff is informed and believes and based thereon alleges that at the time of the transfers, the Debtor was insolvent or became insolvent as a result of the transfers, and that the transfers are therefore avoidable pursuant to California Civil Code § 3439.05 and 11 U.S.C. § 550.

27. Pursuant to 11 U.S.C. § 544(b), the transfers are avoidable by the Trustee.

WHEREFORE, Trustee prays for judgment as set forth below.

### FOURTH CLAIM FOR RELIEF
(Recovery of Avoidable Transfer)
[11 U.S.C. § 550]

28. Plaintiff incorporates herein by reference and realleges Paragraphs 1-27 of this Complaint.

29. To the extent the transfers are avoided, the Trustee may recover from Defendant Lapham as the initial transferee and Defendant Sorenson as the subsequent transferee for the benefit of the estate, the property transferred or if the Court so orders, the value of such property from the initial transferee or subsequent transferee.

30. The Trustee is informed and believes and based thereon alleges that the transfers were made to Defendants from whom such transfers may be recovered.

WHEREFORE, Trustee prays for judgment as set forth below.

### FIFTH CLAIM FOR RELIEF
(Declaratory Relief)

31. Plaintiff incorporates herein by reference and realleges Paragraphs 1-30 of this Complaint.

32. A dispute exists between the Trustee and Defendant Kathleen Sorenson as to the ownership of the Real Property.

33. The Trustee contends that while bare legal title to the Real Property currently stands in the name of Defendant Sorenson, the bankruptcy estate has a substantial ownership interest in the Real Property by reason of the fact that the Debtor paid the down payment on the property, all mortgage payments on the Real Property from the date of its purchase through April, 2011. In addition, the Debtor paid all real property taxes, insurance and all other costs associated with the

Kornfield, Nyberg, Bendes & Kuhner, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
(510) 763-1000
FAX: (510) 273-8669

1   Real Property in an amount according to proof at trial.

2   34.  By reason of the substantial payments made by the Debtor from community property, and since community property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(2), the bankruptcy estate has an interest in the Real Property.

35.  The Trustee is informed and believes and based thereon alleges that Defendant Sorenson disputes that the Trustee and the bankruptcy estate have any interest in the Real Property.

36.  Based upon a dispute between the parties as to the bankruptcy estate's ownership interest in the Real Property, a declaratory judgment is required to determine the bankruptcy estate's interest in the Real Property.

WHEREFORE, Trustee prays for judgment as set forth below.

1.  On the first through fourth claims for relief, judgment in favor of Plaintiff and against Defendants avoiding the transfers of the Real Property to Defendant Lapham and Sorenson;

2.  On the fifth claim for relief, a declaratory judgment determining the bankruptcy estate's interest in the Real Property.

3.  For costs of suit herein; and

4.  For such other and further relief as the Court deems proper.

Dated: December 1, 2011                     Kornfield, Nyberg, Bendes & Kuhner, P.C.


                                            By: /s/ Eric A. Nyberg
                                                (Bar No. 131105)
                                                Attorneys for John T. Kendall, Trustee