DAVID A. ARIETTA, ESQ. (SBN 167865)
LAW OFFICES OF DAVID A. ARIETTA
700 Ygnacio Valley Road, Ste. 150
Walnut Creek, CA 94596
Telephone: (925) 472-8000
Fax: (925) 472-5925
david@ariettalaw.com

Attorney for Defendants
KIMBERLY LAPHAM and
KATHRYN SORENSON

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

MARK WHITNEY LAPHAM,

    Debtor.

JOHN T. KENDALL, CHAPTER 7 TRUSTEE,

    Plaintiff,

v.

KIMBERLY LAPHAM and
KATHRYN SORENSON,

    Defendants.

Case No. 11-48361 EDJ

Chapter 7

Adv. Proc. No.: 11-04349

**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER AND DECLARATORY RELIEF**

Defendants, KIMBERLY LAPHAM and KATHRYN SORENSON, by and through their attorney, as their defense to the allegations in the Complaint of Plaintiff Chapter 7 Trustee JOHN T. KENDALL stated as follows:

/ /

1. With respect to the allegations set forth in Paragraphs 1 through 6 of the Complaint, Defendants admit the allegations set forth therein.

2. With respect to the allegations set forth in Paragraph 7 of the Complaint, Defendants admit the allegations but clarify that the real property located at 751 Diablo Road, Danville, California was purchased for approximately $274,000, $50,000 down payment and the balance a $224,000 loan.

3. With respect to the allegations set forth in Paragraph 8 of the Complaint, Defendants admit on information and belief the allegations set forth therein.

4. With respect to the allegations set forth in Paragraph 9 of the Complaint, Defendants admit the allegations set forth therein.

5. With respect to the allegations set forth in Paragraph 10 of the Complaint, Defendants admit that Debtor executed a deed in May 1998 to transfer all of his interest in the Real Property to Defendant Lapham. Defendants deny the allegation that there was no consideration. Defendants further deny the allegation that Debtor made the transfer to protect the Real Property from his creditors on information and belief. Debtor made the transfer pursuant to the terms of a transmutation writing he executed on May 5, 1998.

6. With respect to the allegations set forth in Paragraph 11 of the Complaint, Defendants admit the allegations but clarify that Debtor and Defendant Lapham were and remain the beneficiaries of the Lapham Family Trust during their respective lifetimes.

7. With respect to the allegations set forth in Paragraph 12 of the Complaint, Defendants admit that in 2007 after the creation of the Trust Defendant Lapham transferred the Real Property into the Trust but deny that they both became the beneficial owners of the Real Property.

8. With respect to the allegations set forth in Paragraph 13 of the Complaint, Defendants admit that Debtor and Defendant Lapham in their capacities as Trustees of the Trust caused the Trust to transfer all of its right title and interest in the Real Property to Defendant Lapham as her sole and

separate property. Defendants deny the remaining allegations.

9. With respect to the allegations set forth in Paragraph 14 of the Complaint, Defendants admit the allegations set forth therein but clarify that the source of funds to pay off the approximate $60,000 outstanding loan balance was Defendant Lapham's sole and separate property.

10. With respect to the allegations set forth in Paragraph 15 of the Complaint, Defendants admit the allegations but clarify that Defendant Lapham did pay some costs of maintenance and other expenses associated with the house over the years.

11. With respect to the allegations set forth in Paragraph 16 of the Complaint, Defendants admit the allegations but clarify that Defendant Lapham did pay the most recent installment of the property tax on the Real Property.

12. With respect to the allegations set forth in Paragraphs 18 and 19 of the Complaint, Defendants deny the allegations.

13. With respect to the allegations set forth in Paragraphs 21 through 23 of the Complaint, Defendants deny the allegations.

14. With respect to the allegations set forth in Paragraphs 25 through 27 of the Complaint, Defendants deny the allegations.

15. With respect to the allegations set forth in Paragraphs 29 and 30 of the Complaint, Defendants deny the allegations.

16. With respect to the allegations set forth in Paragraph 32 of the Complaint, Defendants admit the allegations set forth therein.

17. With respect to the allegations set forth in Paragraphs 33 and 34 of the Complaint, Defendants deny the allegations.

18. With respect to the allegations set forth in Paragraphs 35 and 36 of the Complaint, Defendants admit the allegations set forth therein.

//

## AFFIRMATIVE DEFENSES

Defendants raise and allege the following separate and distinct affirmative defense to the Complaint and each cause of action therein.

## FIRST AFFIRMATIVE DEFENSE

1. AS FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, the Complaint fails to state a claim upon which relief can be granted against Defendant.

**WHEREFORE**, Defendants pray for relief as set forth below.

1. Plaintiff take nothing by its Complaint and that same be dismissed with prejudice;
2. For costs of suit; and
3. The Court grant such other further relief as the Court may deem just and proper.

Dated: January 5, 2012                    LAW OFFICES OF DAVID A. ARIETTA


By: ___*David A. Arietta*_____
    DAVID A. ARIETTA
    Attorney for Debtors